UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN EDELMAR ALVA ALVA,<br><br>　　　　Petitioner,<br><br>　v.<br><br>POLLY KAISER, et al.,<br><br>　　　　Respondents. | Case No. 25-cv-06676-RFL<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 20 |

Before the Court is Petitioner Juan Edelmar Alva Alva's *ex parte* motion for leave to file a motion for reconsideration of the Court's October 16, 2025 order clarifying the preliminary injunction it issued on August 21, 2025. (Dkt. No. 20.) Specifically, Alva Alva seeks leave to file a motion to reconsider the portion of the clarification order stating that "[t]he Constitution does not require hearing procedures beyond those applicable in the 8 U.S.C. § 1226(a) discretionary detention context." (*See* Dkt. No. 19 at 1.)[1] For the reasons that follow, Alva Alva's motion is **DENIED** without prejudice. This order assumes the parties' familiarity with the facts of this case, the applicable legal standards, and both sides' arguments.

Under Civil Local Rule 7-9(b), a party seeking leave to file a motion for reconsideration must show reasonable diligence in the motion and one of three enumerated circumstances including, as relevant here, (a) the emergence of a change of law after the issuing of the order to be reconsidered and (b) a manifest failure by the Court to consider dispositive legal arguments presented before the order was issued. *See* Civ. L. R. 7-9(b)(2)–(3). Neither of these requirements is satisfied.

---

[1] All references to page numbers refer to ECF pagination.

1

As Alva Alva concedes, he raised this legal argument, and it was considered in the original clarification order, which incorporated the reasoning from *Valencia Zapata v. Kaiser*, No. 25-CV-07492-RFL, 2025 WL 2741654, at *13 (N.D. Cal. Sept. 26, 2025).  (Dkt. No. 20 at 4, 7.)

Moreover, following the Court's clarification order, there has been no binding, material change of law suggesting that the Constitution requires placing the burden of proof, by clear and convincing evidence, on the government in this context.  As *Valencia Zapata* explained, due process requires that the government bear the burden of proof by clear and convincing evidence in assessing prolonged detention of non-citizens subject to section 1226(c)'s mandatory detention regime.  *Id.*  However, *Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022), confirmed that those procedures are not constitutionally required when assessing prolonged detention in section 1226(a)'s discretionary detention regime, absent an additional factual showing that the particular circumstances of the case required them.  *Id.* at 1213–14.  In so holding, the Ninth Circuit relied on the fact that section 1226(a) involves other statutory protections unavailable under section 1226(c).  *See id.* at 1203.  *Rodriguez Diaz* does not control the outcome in this case because, here, Petitioner's "pre-detention hearing[]" is "not technically [a] proceeding[] under section 1226(a)" but has instead been ordered as a matter of procedural due process.  *Valencia Zapata*, 2025 WL 2741654, at *13.  However, the "reason for requiring [a] pre-detention hearing[] in this case mirrors the reason for having section 1226(a) hearings: that is, Petitioner[] should be treated, and [has] been treated, as [an] individual[] who [is] subject to discretionary, not mandatory, detention."  *Id.*  Accordingly, here, due process does not require additional protections beyond those available in section 1226(a) discretionary detention hearings.  That law has not changed.

To be sure, other district courts in the Ninth Circuit have offered sensible reasons for placing such a burden on the government when it changes its mind about re-detaining someone.  *See, e.g.*, *J.S.H.M v. Wofford*, No. 1:25-CV-01309 JLT SKO, 2025 WL 2938808, at *17–18 (E.D. Cal. Oct. 16, 2025).  However, in the existing section 1226(a) discretionary detention

regime, the government is already required to show a material change in circumstances as to flight risk or danger to the community in order to re-detain an individual after previously releasing them.  *E.g.*, *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 968 (N.D. Cal. 2019) ("[W]here a previous bond determination has been made by an immigration judge, no change should be made by [the DHS] absent a change of circumstance." (quoting *Matter of Sugay*, 17 I. & N. Dec. 637, 640 (B.I.A. 1981))); *Y.M.M. v. Wamsley*, No. 2:25-CV-02075, 2025 WL 3101782, at *2 (W.D. Wash. Nov. 6, 2025).  That is constitutionally sufficient.

Accordingly, the motion for leave is denied.  Denial is without prejudice to re-raising the issue if the government takes the position that no material change in circumstances is required or if the Board of Immigration Appeals overturns *Matter of Sugay*, 17 I. & N. Dec. 637 (B.I.A. 1981).  If that occurs, due process may indeed require additional procedural safeguards in order to avoid the risk of an erroneous deprivation of a fundamental liberty interest when someone previously determined to not be a flight risk or danger to the community is re-detained.

**IT IS SO ORDERED.**

Dated: December 9, 2025

RITA F. LIN
United States District Judge