UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN EDELMAR ALVA ALVA, | Case No. 25-cv-06676-RFL |
| Petitioner, | |
| v. | **ORDER GRANTING HABEAS PETITION** |
| POLLY KAISER, et al., | Re: Dkt. No. 1 |
| Respondents. | |

On August 7, 2025, the Court granted Petitioner Juan Edelmar Alva Alva's request for a temporary restraining order, concluding that Alva Alva had satisfied the requirements for a temporary restraining order as to his claim that his re-detention by the Government without a pre-deprivation hearing violated the Fifth Amendment's Due Process Clause. (Dkt. No. 4.) The Court ordered his immediate release from detention and prohibited the Government from re-detaining him without notice and a pre-deprivation hearing before a neutral decisionmaker. (*Id.*) On August 21, 2025, the Court granted Alva Alva's motion for a preliminary injunction, enjoining the Government from re-detaining Alva Alva during the pendency of these proceedings without providing him with a pre-detention hearing before an immigration judge to evaluate whether his re-detention is warranted based on flight risk or danger to the community. (Dkt. No. 14 at 12–13.)[1]

Now before the Court is Alva Alva's petition for writ of habeas corpus. (Dkt. No. 1.) The petition is fully briefed following the parties' filing of their supplemental briefs. (*See* Dkt.

---

[1] For all filings on the docket, citations to page numbers refer to ECF pagination.

No. 25.)  For the reasons that follow, the petition is **GRANTED**.  This order assumes the parties' familiarity with the facts and procedural background of this case, the applicable legal standard, and both sides' arguments.

For the reasons provided in the Court's order granting the preliminary injunction, Alva Alva has a protected liberty interest in remaining out of custody following his release on an order of supervision in 2018.  (Dkt. No. 14 at 5–7.)   In light of that liberty interest, the Due Process Clause entitles him to a pre-detention hearing before an immigration judge prior to any re-arrest or detention.  (*Id*. at 7–11.)  The Government's arguments in its supplemental briefing do not mandate a contrary conclusion.  (Dkt. No. 27.)

First, even though 8 U.S.C. § 1231(a)(6), the supposed authority for Alva Alva's detention, does not itself provide for a pre-detention hearing, Alva Alva's protected liberty interest arises not from the text of section 1231(a)(6) but rather his release on an order of supervision.  *See Morrissey v. Brewer*, 408 U.S. 471, 482 (1972).  Changed circumstances such as newly available space in the detention center where Alva Alva is to be detained do not obviate the need for an immigration judge to determine that Alva Alva is now a danger or a right risk before the Government can re-detain him.  Second, while the Government argues that it did not explicitly find that Alva Alva was not a danger or a flight risk (Dkt. No. 27 at 3), it released Alva Alva on an order of supervision.  To do so, the Government necessarily had to conclude that he was neither a danger nor a flight risk.  *See* 8 C.F.R. § 1236.1(c)(8); *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017), *aff'd sub nom. Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018).  Finally, given the significant amount of time that has passed since Alva Alva was ordered removed as well as the Government's inability thus far to effectuate his removal, the Government's pending motion to dismiss Alva Alva's Petition for Review in the Ninth Circuit is insufficient to establish that his removal is "reasonably foreseeable."  (Dkt. No. 27 at 3–4.)  *See Castro-Napoles v. Noem*, No. 26-cv-03212-RFL, 2026 WL 1720963, at \*2–3 (S.D. Cal. June 15, 2026).

When a district court grants a writ of habeas corpus it may "dispose of the matter as law

and justice require." 28 U.S.C. §§ 2241(a), 2243.  To ensure that Petitioner's release pursuant to the Court's prior order is not "rendered meaningless," it is necessary to enjoin the government from simply re-detaining Petitioner in the same manner.  *See Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274, 320–21 & nn.19–20 (E.D.N.Y. 2025) (collecting cases); *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 373 (S.D.N.Y. 2019).  As a result, the relief ordered below falls within the core of habeas.

For the foregoing reasons, Alva Alva's habeas petition is granted.  Respondents are **ENJOINED** from re-detaining Alva Alva unless and until Respondents provide Alva Alva a pre-deprivation hearing before a neutral decisionmaker in which an individualized determination is made that he poses a flight risk or danger to public safety such that he must be detained, and that a material change in circumstances justifies his detention.

**IT IS SO ORDERED.**

Dated: July 2, 2026

RITA F. LIN
United States District Judge