UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN EDELMAR ALVA ALVA,<br>Petitioner,<br>v.<br>POLLY KAISER, et al.,<br>Respondents. | Case No. 25-cv-06676-RFL<br><br>**ORDER GRANTING MOTION TO ENFORCE JUDGMENT**<br><br>Re: Dkt. No. 31 |

The judgment entered regarding Juan Edelmar Alva Alva's habeas petition enjoined Respondents from "re-detaining Alva Alva unless and until Respondents provide Alva Alva a pre-deprivation hearing before a neutral decisionmaker in which an individualized determination is made that he poses a flight risk or danger to public safety such that he must be detained, and that a material change in circumstances justifies his detention." *Alva Alva v. Kaiser*, No. 25-CV-06676-RFL, 2026 WL 1910135, at *2 (N.D. Cal. July 2, 2026). On appeal from a pre-deprivation hearing, the BIA held that Alva Alva is a flight risk, and that his final order of removal and denial of withholding of removal constituted a material change in circumstances justifying detention. (Dkt. No. 31-2 at 2–4.)[1] Alva Alva was granted a temporary restraining order against enforcement of the BIA's order pending adjudication of his motion to enforce the previously entered judgment. (Dkt. No. 32.) His motion to enforce the judgment is now **GRANTED**. This order assumes the reader is familiar with the facts of the case, the applicable legal standards, and the parties' arguments.

The BIA abused its discretion in finding a material change in circumstances justified Alva Alva's detention. It concluded the circumstances were analogous to those in *Matter of*

[1] All citations to page numbers in filings on the docket refer to ECF pagination.

*Sugay*, 17 I. & N. Dec. 637, 640 (BIA 1981). (Dkt. No. 31-2 at 3.) There, the BIA found a material change in circumstances based on (1) "newly developed evidence brought out at the deportation hearing"; (2) "the fact that the respondent has been ordered deported"; and (3) "the fact that . . . his applications for suspension and withholding of deportation were denied." 17 I. & N. Dec. at 640. The situation here is different. The BIA cited only Alva Alva's "final administrative removal order dated August 29, 2025" and the fact that "his application for withholding of removal has been denied." (Dkt. No. 31-2 at 3.) As to the former, his removal order actually became final before his prior release in 2018. (*See* Dkt. No. 31-3 at 36; *Alva Alva v. Kaiser*, No. 25-CV-06676-RFL, 2025 WL 2419262, at *3 (N.D. Cal. Aug. 21, 2025).) It therefore could not constitute a change in circumstances. And as to the latter, Alva Alva did not submit his application for withholding of removal until 2023. (Dkt. No. 31-3 at 48.) In fact, prior to his release in 2018, Respondents recorded that he did not have a fear of persecution or torture if he was removed from the United States. (*Id.* at 33.) While Alva Alva contests saying this (*see* Dkt. No. 12 at 11 n.5), Respondents released him despite believing he had no credible fear of return and therefore no viable claim for withholding of removal. The denial of Alva Alva's subsequent application for withholding of removal returned him to that status quo. Thus, the BIA abused its discretion in identifying that denial as a material change in circumstances. Respondents also point to detention space and their ability to effectuate removal as other material changes in circumstances. But the BIA's decision did not rely on those circumstances.

Accordingly, Alva Alva's motion to enforce the judgment is **GRANTED**. Respondents may not rely on the BIA's September 29, 2026 order to re-detain Alva Alva. The previously issued permanent injunction remains in place.

**IT IS SO ORDERED.**

Dated: October 13, 2026

RITA F. LIN
United States District Judge